1  KELSEY C. LINNETT (CSBN 274547)
   U.S. Department of Justice
2  Antitrust Division
   450 Golden Gate Avenue
3  Box 36046, Room 10-0101
   San Francisco, CA 94102
4  kelsey.linnett@usdoj.gov
   Telephone: (415) 934-5300
5

6  Attorney for the United States

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN R. VANZETTI,<br><br>Defendant. | Case No. CR 2:10-0239 WBS<br><br>**STIPULATION TO CORRECT JUDGMENT PURSUANT TO FED. R. CRIM. P. 36 AND [PROPOSED] ORDER**<br><br>Court: Honorable William B. Shubb |

## INTRODUCTION

The parties agree that defendant's judgment should be corrected so that the restitution payment of $739.64 that was sent in error to the trustee company Trustee Corps instead be made payable and issued to the beneficiary Deutsche Bank National Trust, 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.  This proposed change does not affect the total amount of restitution; it merely redirects the restitution payment of $739.64 to the correct entity.

//

//

//

1

STIPLUATION AND [PROPOSED] ORDER
No. CR 10-0239 WBS

# BACKGROUND

The parties stipulate to the following facts:

On July 16, 2010, defendant John Vanzetti pleaded guilty to one count of bid rigging in violation of 15 U.S.C. § 1. On September 12, 2016, as part of defendant's sentence, this Court imposed certain criminal monetary penalties, including restitution in the amount of $271,454.44, of which $739.64 was owed to Trustee Corps. (Doc. No. 69.) Defendant paid the restitution in full.

On August 18, 2017, Trustee Corps returned the restitution check it received to the United States Department of Justice Antitrust Division. Trustee Corps believed it had received the restitution check in error. Trustee Corps explained that while it served as a foreclosure trustee on behalf of certain beneficiaries, any restitution related to proceeds from the foreclosure sale should be sent directly to beneficiary of the foreclosure.

The restitution amount of $739.64 was owed in connection with the rigged foreclosure sale of 17703 Wheat Field Street, Lathrop, California. Trustee Corps served as the foreclosure trustee for the property. The beneficiary of record was Deutsche Bank National Trust Company, as Trustee of the Indymac INDX Mortgage Loan Trust 2006-ARX, Mortgage Pass-through Certificates, Series 2006-ARS under the Pooling and Servicing Agreement dated Feb. 1, 2006. Indymac was later acquired by OneWest Bank. Therefore, Trustee Corps believed that restitution should be directed to OneWest Bank.

OneWest Bank confirmed that that Indymac Bank FSB was the loan servicer for 17703 Wheat Field Street in Lathrop, California at the time of the foreclosure sale. But, OneWest Bank clarified that Indymac was not the beneficiary – Deutsche Bank National Trust Company was.

Having been alerted to the error, the United States Eastern District of California Court Clerk's Office advised that the restitution check should be returned to the agency and address specified on the check stub. The Clerk's Office also explained it required a court order to correct the name of the payee from Trustee Corps to Deutsche Bank National Trust and issue a new check.

The United States returned the restitution check to the federal agency listed on the check stub: AOUSC, One Columbus Circle, N.E., Room 5-300, Washington, D.C. 20544.

## LEGAL AUTHORITY

Under Rule 36, Federal Rules of Criminal Procedure, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." In this instance, the parties agree that a correction is warranted to correct an oversight. The United States attempted to track down the proper beneficiary for restitution but was unable to do so until Trustee Corps returned the restitution check and provided the information necessary to determine the beneficiary for the foreclosure sale of 17703 Wheat Field Street, Lathrop, California. Accordingly, restitution in the amount of $739.64 should be made payable to Deutsche Bank National Trust. The requested correction does not change the amount of restitution owed by defendant. Rather, this motion only seeks to ensure that the restitution payment is properly directed to the correct entity.

## CONCLUSION

For the foregoing reasons, the parties agree that this Court should order that the restitution payment of $739.64 previously due to Trustee Corps be made payable instead to Deutsche Bank National Trust, 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

Dated: July 17, 2018

Respectfully submitted,

/s/ KELSEY C. LINNETT
United States Department of Justice
Antitrust Division


/s/ JOHN R. VANZETTI*
John R. Vanzetti
Pro se**

*Signed with permission
**Mr. Vanzetti consulted with his former counsel Christopher Wing, who is retired, regarding this stipulation

3
STIPLUATION AND [PROPOSED] ORDER
No. CR 10-0239 WBS

## ORDER

For the reasons stated above, the Court, corrects the judgment to substitute Deutsche Bank National Trust, 1761 East Saint Andrew Place, Santa Ana, California 92705-4934, for Trustee Corps as the payee for restitution in the amount of $739.64.

IT IS FURTHER ORDERED that the District Court Clerk's Office issue restitution payment in the amount of $739.64 to Deutsche Bank National Trust, 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

**IT IS SO ORDERED.**

Dated: July 18, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE